**LS**

**RANIA MAJOR-TRUNFIO, ESQUIRE**
**RANIA MAJOR-TRUNFIO, P.C.**
**2915 NORTH 5TH STREET**
**PHILADELPHIA, PA 19133**
**IDENTIFICATION NUMBER: 51298**
**(215) 291-5009**
**AND**
**TERI B. HIMEBAUGH ESQUIRE**
**IDENTIFICATION NUMBER: 53603**
**220 STALLION LANE**
**SCHWENKSVILLE, PA. 19473**
**(610) 287-0216**

FILED
MAR 2 3 2009
_____ KUNZ, Clerk
By_____ Dep. Clerk

**ATTORNEYS FOR PLAINTIFF**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE PINEIRO** | : | **CIVIL ACTION** |
| **SCI ROCKVIEW** | : | **NO.** |
| **1 ROCKVIEW PLACE** | : | |
| **BELLEFONTE, PA 16823** | : | **09    1268** |
| | : | |
| **V.** | : | |
| | : | |
| **POLICE OFFICER EDWARD J.** | : | |
| **MARKOWSKI** | : | |
| **1515 ARCH STREET, 15TH FLOOR** | : | |
| **PHILADELPHIA, PA. 19102** | : | **JURY TRIAL DEMANDED** |
| **AND** | : | |
| **POLICE OFFICER JOSEPH RUFF** | : | |
| **1515 ARCH STREET, 15TH FLOOR** | : | |
| **PHILADELPHIA, PA. 19102** | : | |
| **AND** | : | |
| **POLICE OFFICER MATOS,** | : | |
| **BADGE NO. 1210** | : | |
| **1515 ARCH STREET, 15TH FLOOR** | : | |
| **PHILADELPHIA, PA. 19102** | : | |
| **AND** | : | |
| **POLICE OFFICER OANDASAN,** | : | |
| **BADGE NO. 2774** | : | |
| **1515 ARCH STREET, 15TH FLOOR** | : | |
| **PHILADELPHIA, PA. 19102** | : | |
| **AND** | : | |

POLICE SERGEANT HALL,          :
BADGE NO. 8555               :
1515 ARCH STREET, 15TH FLOOR   :
PHILADELPHIA, PA. 19102       :
         AND              :
POLICE OFFICERS JOHN DOE 1-3    :
1515 ARCH STREET, 15TH FLOOR   :
PHILADELPHIA, PA. 19102       :

## CIVIL ACTION COMPLAINT

1. Plaintiff, Jose Pineiro, is an adult citizen of the Commonwealth of Pennsylvania residing at SCI Rockview, 1 Rockview Place, Bellefonte, Pennsylvania.

2. Defendants, Police Officers Markowski, Ruff, Matos, Oandasan, John Doe 1, John Doe 2, John Doe 3, and Sergeant Hall (hereinafter Defendants, "Police Officers") were, at all material times, employed as police officers with the City of Philadelphia Police Department. They are being sued both individually and in their official capacities as officers, agents and/or employees of the City of Philadelphia. The Doe officers' identities are currently unknown.

3. At all material times, Defendants, Police Officers acted within the course and scope of their employment, under color of state law and pursuant to the customs, policies and practices of the City of Philadelphia Police Department and the City of Philadelphia.

4. This Court has jurisdiction over the federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343 and jurisdiction over the state law claims pursuant to the principals of pendant and ancillary jurisdiction.

5. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because the cause of action upon which the complaint is based arose in the City of Philadelphia, which is in the Eastern District of Pennsylvania.

6. On or about March 23, 2007 at approximately 11:30 a.m. the Plaintiff, Jose Pineiro, who was on the 1900 Block of Arizona Street in Philadelphia, Pennsylvania, was arrested by the Defendant Police Officers on drug related charges.

7. During the course of the arrest, Defendant officers placed Plaintiff on the

ground and handcuffed him behind his back.

8.   While Plaintiff was lying on his stomach, handcuffed, the Defendant Police Officers proceeded to kick the Plaintiff in the head, face and body.

9.   Plaintiff was taken to Episcopal Hospital. He was later transported by EMT to Temple University Hospital. He reported being kicked in the face by police and he complained of facial/eye pain and double vision.

10. As a direct and proximate result of the aforementioned actions of Defendants, Plaintiff sustained an orbital floor fracture to his left eye socket, post-traumatic cephalgia and bruises and abrasions to other parts of his body. He additionally suffered mental anguish and emotional distress as a direct result of this incident.

11. Plaintiff continues to suffer from impaired vision in the affected eye area, headaches, facial pain, mental anguish and emotional distress, and he will likely suffer same for an indefinite time in the future, to his great detriment and loss.

12.  As a direct and proximate result of the aforementioned actions of Defendant Police Officers, Plaintiff has and will hereinafter incur other financial expenses and losses.

## 42 U.S.C. § 1983
## EXCESSIVE FORCE

13.  Paragraphs 1 through 12 are incorporated herein by reference, as though each were fully set forth at length below.

14.  As aforesaid, Defendant Police Officers, acting within the course and scope of their employment, under color of state law and pursuant to the customs, policies and practices of the City of Philadelphia, deprived Plaintiff of his rights, privileges and immunities under the laws and Constitutions of the United States, in particular, the right to be free from the use of

excessive force, which action violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

15.  Defendant Police Officers intentionally, deliberately and maliciously used unjustified physical force on the Plaintiff placing him in fear of imminent bodily harm, which violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

16.  As a direct and proximate result of the intentional, deliberate and malicious actions of Defendant Police Officers, Plaintiff suffered the injuries that are described above.

17.  The above-described actions of Defendant Police Officers in their individual capacities were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff, demands compensatory and punitive damages against Defendant Police Officers jointly and/or severably in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

BY: _____
    **RANIA MAJOR-TRUNFIO, ESQUIRE
    AND
    TERI B. HIMEBAUGH, ESQUIRE
    ATTORNEYS FOR PLAINTIFF**